

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2002

# USA v. Polanco

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1512

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Polanco" (2002). *2002 Decisions.* Paper 717.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/717

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 02-1512

————

UNITED STATES OF AMERICA,

v.

BENJAMIN POLANCO,
Appellant

————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 01-cr-00590)
District Judge:  The Honorable Katharine S. Hayden

————

Submitted Under Third Circuit LAR 34.1(a)
October 29, 2002

————

Before: NYGAARD, GARTH, and MICHEL,[*] Circuit Judges.

(Opinion Filed:  November 8, 2002)

————

OPINION

————

Michel, Circuit Judge:

---

[*]The Honorable Paul R. Michel, United States Circuit Judge for the Federal Circuit, sitting by designation.

Defendant-appellant Benjamin Polanco appeals from the District Court's judgment sentencing him to 41 months' imprisonment. *United States v. Polanco*, No. 01-cr-00590 slip op. (D. N.J. Feb. 6, 2002). On September 9, 2001 Polanco pled guilty to one count of an information, charging a violation of 8 U.S.C. §§ 1326(a) and (b)(2), unlawfully entering the United States. The District Court imposed incarceration pursuant to the United States Sentencing Guidelines § 2L1.2 based on an offense level of 21, and a criminal history category of II that made Polanco eligible for a sentence in the range of 41 to 51 months. The District Court declined to grant a downward departure based on any of the defendant's four arguments: (1) the ramifications of a "fortuitous increase in the severity of a deportable alien's sentence," under 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0; (2) the implications of his "extraordinary family ties and responsibilities," under U.S.S.G. § 5H1.6; (3) the consequences of the "impact on illegal aliens during this country's state of war," again under 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0; or (4) the effect of the combination or aggregation of all of these factors, again under 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0.

Polanco is a 27 year-old citizen of the Dominican Republic with a common-law wife and two small children in the Dominican Republic. He entered the United States by flight from the Dominican Republic to Newark International Airport in Newark, New Jersey. Because he had been deported in 1997, Polanco was arrested after presenting his passport and permanent resident card to Customs officials. He claims to have come back to the United States in spite of the prohibition against his doing so because he was

2

"desperate and would do anything to make money and help [his] family."

Polanco timely appealed the sentencing decision and claims that the District Court erroneously ruled that it did not have the authority to grant a downward departure based on any of the three independent bases he presented. Polanco also argues that proper consideration of each of these bases shows that he deserves such a departure. Presumably he does so to demonstrate that the vacatur and remand he requests would not be futile. We will dismiss the appeal from the judgment of the District Court.

## I.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. The standard of review we must use, however, is dependant on whether we are asked to review the District Court's interpretation of the Sentencing Guidelines themselves and, in particular, whether the District Court has the authority to consider specified, extrinsic factors for a downward departure from those Guidelines, or the District Court's application of the Guidelines and the application respecting such factors as justifying or not justifying a downward departure. We exercise plenary review over only the first. *See Koon v. United States*, 518 U.S. 81, 100 (1996) (explaining that "whether a factor is a permissible basis for departure under any circumstances is a question of law" and does not require deference). As to the second, we do not have jurisdiction to review the District Court's application of the discretionary aspects of the Guidelines to deny a downward departure. *United States v. Torres*, 209 F.3d 308, 309 n.1 (3d Cir. 2000), *cert. denied*, 531 U.S. 864 (2000) ("Where, as here, the District Court understood that it had the ability to depart but refused to do so,

3

we lack jurisdiction to review that refusal."); *United States v. Denardi*, 892 F.2d 269, 271-72 (3d Cir. 1989) ("To the extent this appeal attacks the district court's exercise of discretion in refusing to reduce the sentences below the sentencing guidelines, it will be dismissed for lack of appellate jurisdiction.").

The government claims that the District Court understood and applied the correct legal standards and did not abuse its discretion in denying a departure, and that we must, therefore, dismiss the case for lack of jurisdiction. In contrast, Polanco alleges that the District Court erred in its rulings on the correct legal standards for what arguments it may consider for sentencing and therefore that we must vacate and remand. This appeal, thus, requires a close analysis of exactly what the District Court decided for each of the three arguments, before we review any decision. Only if we determine that the District Court ruled that it did not have the authority to consider the defendant's arguments and would have abused its discretion in denying a departure based on any of the arguments, need we address whether the District Court did or did not have that authority.

**A.**

Polanco's first argument is that he is unfairly subject to a fortuitous increase in the severity of his sentence because of his illegal alien status. Polanco contends that as a deportable alien, he will have an increased severity of sentence as compared to non-alien defendants falling under the same provisions of the Guidelines. This is a result of his ineligibility for release into a half-way house six months earlier than the conclusion of the sentence imposed by the court (as is allegedly the norm for non-aliens) and the fact that the

4

INS typically detains persons subject to deportation for six months pending their removal from the United States.

Contrary to what Polanco argues, the District Court did appear to have considered this argument. Judge Hayden explained at the sentencing hearing that she did not "find under these circumstances, or as a matter of law, that what the INS is doing with respect to its functioning detention and ultimate deportation system rises to the level of constitutional wrong that [she] must both acknowledge and incorporate into [her] sentencing in order to preserve an equipoise between Mr. Polanco and another sentence daily [sic]." Although some of Judge Hayden's language suggests that she made a decision about her authority to consider arguments, rather than applying that authority to make a ruling about the underlying issue, as a practical matter, her inquiry must have entailed the actual application of authority. She must have considered Polanco's actual circumstances in order to make a ruling "under" them and therefore her subsequent language must be understood as a *choice* not to incorporate those circumstances into her sentencing decision. The fact that she made a choice suggests that she was indeed exercising her discretion under U.S.S.G. § 5K2.0[1] and was concluding that the facts argued by Polanco did not warrant a departure. Thus, we understand her to have ruled that she had the discretion to depart from the Guidelines because these circumstances were not taken into account by the Guidelines, and

_____

[1] U.S.S.G. § 5K2.0 is a policy statement explaining a judge's discretion to determine that some factors not enumerated or incorporated into the Sentencing Guidelines are grounds for granting departures.

then to have exercised that discretion in not departing.[2]  Because Judge Hayden gave it from the bench and not in any written form, her explanation is by necessity short and not supported by extensive discussion of the background facts or legal considerations.  While a reviewing court may need to be wary of gaps in explanations of this brevity on some occasions, we need not do so here.  We are confident that Judge Hayden made a carefully reasoned decision, partly because of the documented clarity and specificity of the presentation by his lawyer.  Polanco submitted a Letter Brief, roughly two single-spaced pages of which were devoted to presentation of this argument.  And counsel for Polanco spoke at length and with few interruptions on this issue during the November 5, 2001 sentencing hearing.  Judge Hayden, thus, had before her a thorough and complete explanation of the facts concerning this argument.

Judge Hayden did, therefore, consider this argument and then reject it, and assuming that she did, in fact, have the authority to consider this argument, her ruling is not appealable.  Moreover, even if we could review Judge Hayden's actual ruling on this issue, we would have to conclude that Judge Hayden in no way abused her discretion by finding that the "*regular* mechanism of deportation" (emphasis added) was not, under the

---

[2] Indeed, this understanding is bolstered by Judge Hayden's preliminary discussion in her sentencing hearing in which she expressly acknowledged and articulated her legal obligation to take into account the sentencing arguments: "[t]here is discretion. And I recognize that I do have the authority to depart in certain specialized circumstances.  And in fact, when a heartland argument is made, I must listen and I do listen."

6

circumstances, something outside of the "heartland"[3] that should change her sentencing decision. We, therefore find no reversible error with respect to the District Court's failure to grant a downward departure based on Polanco's status as a deportable alien.

**B**.

Polanco's assertion that the District Court erred in not considering his argument for a downward departure based on family circumstances is equally misplaced. Polanco's argument below was that a departure was appropriate because the circumstances surrounding his family ties and responsibilities are so extraordinary as to remove his case from the "heartland of other cases," as is permitted by precedent. *See*, *e.g.*, *Koon*, 518 U.S. at 98. The circumstances that he relies on are his wife and two children's extreme poverty, inability to support themselves, lack of other family members who are able to help them, and, most importantly, the lack of a social services "safety net" in the Dominican Republic. Taken together, he argues, these circumstances are extraordinary.

In response, after giving a general explanation about how rarely family circumstances should impact sentencing, Judge Hayden explained specifically that "the arguments made for Mr. Polanco really reflects [sic] more the fortuitous circumstances of

---

[3] In the atypical case in which a defendants conduct can be said to fall outside of the heartland of cases, a sentencing court may consider a departure from the Guidelines. *United States v. Iannone*, 184 F.3d 214, 226 (3d Cir. 1999). Such departures are permissible "if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'" U.S.S.G. § 5K2.0 (quoting 18 U.S.C. § 3553(b)).

his native country, which my sentencing cannot and should be [sic] not be designed to ameliorate. The national problems therefore of his native country are not something that I can consider under the Guidelines, I believe, and that really is what we are talking about here." We understand this to mean that Judge Hayden found that Polanco's specific family situation created only the routine kind of suffering, regardless of his family's location; it was not the exceptional circumstance described in the case law and envisioned by the Guidelines that would overcome the discouragement by the Guidelines against taking family ties into account. *See* U.S.S.G. § 5H1.6. This interpretation of Judge Hayden's words is consistent with her explanation that the conditions in the Dominican Republic were not the kind of unique situation which she "should" be ameliorating by a downward departure. Again, we are comfortable interpreting Judge Hayden's reasoning even though it does not have extensive development of its basis because the oral presentation by Polanco's attorney on this point was fairly extensive and the written submission in Polanco's Letter Brief was very complete.

Because Judge Hayden considered Polanco's argument and then refrained from granting a departure, her actual ruling is, again, not reviewable. Moreover, even if it was reviewable, and assuming that Judge Hayden did have the authority to consider this argument, her application of that authority to find that Polanco's family situation was not so unique or extreme as to justify a departure was supported by the evidence and reasonable in comparison to the facts in other cases in which departures were also denied. *See*, e.g., *United States v.* Sweeting, 213 F.3d 95, 100 (3d Cir. 2000) (reversing the trial court's

grant of a departure based on family ties, explaining specifically that "a downward departure based on family ties and responsibilities should be the exception rather than the rule"). Therefore, we find no reversible error with respect to the District Court's failure to grant a downward departure based on Polanco's family circumstances.

## C.

In reference to the third and final argument, that Judge Hayden erroneously did not take into account Polanco's argument about state of war in the U.S. after the September 11, 2001 terrorist attacks, combined with the subsequent security measures as justifying a downward departure in his sentence, we are equally unpersuaded of any error by Judge Hayden meriting vacatur. Polanco argued that a downward departure was justified because the deterrence rationale underlying lengthy sentences for illegal aliens was no longer valid following September 11, 2001 since American borders were effectively sealed, thereby making return by deported aliens an impossibility. These conditions, Polanco asserts, were not anticipated by the Sentencing Commission, and therefore they are something a sentencing judge should take into account independently. An independent consideration would then show that the punishments were disproportionate, as achieving a deterrent effect was no longer necessary. In addition, Polanco urged that the money spent incarcerating deportable aliens would be better devoted to rebuilding, health and safety after September 11, 2001.

Judge Hayden's discussion of this argument suggests, again, that she considered it, but used her discretion to determine that it did not merit a downward departure. Thus, the

9

same rationale applies as with Polanco's other two arguments for our applying an abuse of discretion standard of review. Judge Hayden said: "[t]he argument regarding the enhanced boarder [sic] patrol, I find is entirely too speculative for me to incorporate into my sentencing consideration . . . [it] would be a stretch that would be entirely inappropriate for a district court to make." Notably, she specifically says, "I find." We understand her to be indicating that the argument was considered, but that she has found it to be without merit. Polanco's opportunity to present his argument on this issue was as complete as it was with the other two issues and sufficient to engender our confidence that Judge Hayden actually addressed the argument in spite of her terse explanation.

Therefore, again without deciding whether Polanco's argument regarding the state of the country after September 11, 2001 was within Judge Hayden's power to consider, we must dismiss the appeal. Again if we had jurisdiction to review the ruling, we would have to affirm her ruling denying a downward departure because she in no way abused her discretion. The logic underlying Polanco's September 11, 2001 arguments is incomplete at best. We, in fact, see no reason to think that the country's need for deterrence of illegal entry diminished, and it may be even greater.

## II.

For the foregoing reasons, we will dismiss the appeal from the judgment of the District Court.

10

TO THE CLERK:

Please file the foregoing opinion.


 /s/ Paul R. Michel
Circuit Judge

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 02-1512

———————

UNITED STATES OF AMERICA,

v.

BENJAMIN POLANCO,
Appellant

———————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 01-cr-00590)
District Judge:  The Honorable Katharine S. Hayden

———————

Submitted Under Third Circuit LAR 34.1(a)
October 29, 2002

———————

Before: NYGAARD, GARTH, and MICHEL,[*] Circuit Judges.

(Opinion Filed:                          2002)

———————

JUDGMENT

———————

This cause came on to be heard on the record before the District Court for the District

———————

[*]The Honorable Paul R. Michel, United States Circuit Judge for the Federal Circuit, sitting by designation.

of New Jersey and was submitted pursuant to Third Circuit LAR 34.1(a) on October 29, 2002.

On consideration whereof, IT IS NOW HERE ORDERED AND ADJUDGED by this Court that the Polanco appeal from the District Court's judgment of February 6, 2002, be, and the same is hereby dismissed for want of jurisdiction. All of the above in accordance with the opinion of this Court.

ATTEST:

_____
Clerk

Date: